IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>   *Plaintiff,* | §<br>§<br>§ | |
| v. | § | CASE NO.  7:20-CV-391 |
| | § | |
| 3.397 ACRES OF LAND, MORE OR LESS,<br>SITUATE IN HIDALGO COUNTY,<br>STATE OF TEXAS; AND ANDERSON T.<br>WILLIAMS, II, ET AL.,<br>   *Defendants.* | §<br>§<br>§<br>§<br>§ | |

## BRIEF REGARDING 4-T RANCHES, LTD

  Pursuant to Court Order[1] the United States of America (hereafter "United States") files this brief explaining why 4-T Ranches, Ltd. is not a proper Defendant to this case.

### BACKGROUND

  The United States commenced this condemnation action on December 2, 2020, by filing a Declaration of Taking seeking to acquire a fee simple interest in property identified as Tracts RGV-MER-4018 and RGV-MER-4018-1 (hereafter "Subject Property").[2] On December 10, 2020, the United States deposited $13,387.00 in the registry of the Court as estimated just compensation.[3] Upon deposit of the estimated just compensation, title to Tracts RGV-MER-4018 and RGV-MER-4018-1 vested in the United States by operation of law.[4]

---

[1] Dkt. No. 16.
[2] Dkt. No. 2.
[3] Dkt. No. 6.
[4] Upon the filing of the Declaration of Taking and depositing the estimated compensation in the Registry of the Court, the following events occur by operation of law: "(1) title to the estate or interest specified in the declaration vests in the Government; (2) the land is condemned and taken for the use of the Government; and (3) the right to just compensation for the land vests in the persons entitled to the compensation." 40 U.S.C. § 3114(b); *see E. Tennessee Nat. Gas. Co. v. Sage*, 361 F.3d 808, 825 (4th Cir. 2004) (in a Declaration of Taking Act case, "[t]itle and the right to possession vest in the government immediately upon the filing of a declaration and the requisite deposit.").

The United States identified Defendants Anderson T. Williams II, Janette Adamson, and Pablo "Paul" Villarreal, Jr., in his capacity as the Hidalgo County Tax Assessor-Collector, as interested parties.[5] On June 10, 2021, Defendant Pablo "Paul" Villarreal, Jr., Hidalgo County Tax Assessor-Collector was dismissed from this case.[6] Even though the last deed of conveyance in chain of title for the Subject Property is to 4-T Ranches, Ltd., this entity was not named as an interested party based on the following non-record title evidence[7]:

1. On December 31, 1974, a certificate of formation of a limited partnership was filed for 4-T Ranches, Ltd. by general partners Anderson T. Williams and Jan Turner Williams (husband and wife at the time).[8]

2. The Subject Property was conveyed to 4-T Ranches, Ltd. by warranty deed on November 10, 1977; this is the last deed of conveyance in chain of title for the Subject Property.[9]

3. The Subject Property has no tax account associated with it at the Hidalgo County Appraisal District[10] nor the Hidalgo County Tax Assessor-Collector[11].

4. Anderson T. Williams and Jan Turner Williams (a/k/a Jan. T. Williams, Janette Turner Lynn, and Jan T. Lynn) divorced on February 15, 1978.[12]

5. Prior to filing this condemnation case Defendant Janette Adamson explained to undersigned counsel that pursuant to the property settlement agreement referenced in her parents'

---

[5] Dkt. No. 2-1 at 23.
[6] Dkt. No. 16.
[7] "[P]ublic land records cannot provide all of the information necessary to confirm the sufficiency of title; interests in land may also be created in ways not revealed in the public land records." *Regulations of the Attorney General Governing the Review and Approval of Title for Federal Land Acquisitions* (2016) at Section 4.1 p. 19. The title regulations can be located here: https://www.justice.gov/enrd/page/file/922431/download.
[8] Ex. 1, TEXAS SECRETARY OF STATE, https://direct.sos.state.tx.us/acct/acct-login.asp?spage=login1 (subscription required because each search requires a fee, entity name search, then search "4-T Ranches, Ltd.", then click filing history for document number 2563594).
[9] Ex. 2, Volume 1551, Page 940.
[10] http://propaccess.hidalgoad.org/clientdb/PropertySearch.aspx?cid=1 (click advanced search, search by owner name).
[11] https://actweb.acttax.com/act_webdev/hidalgo/index.jsp (search by owner name).
[12] Ex. 3, Decree of Divorce from the District Court of Travis County, Texas 167th Judicial District.

divorce decree[13], 4-T Ranches, Ltd. was retained solely by her mother, Jan Turner Williams. Thus, according to Defendant Janette Adamson, after the Williams' divorce Anderson T. Williams was no longer a general partner of 4-T Ranches, Ltd. and no longer held any interest in partnership assets.

6. Unfortunately, undersigned counsel was unable to obtain a copy of the property settlement agreement referenced in the Williams' divorce decree from the Travis County Clerk because cases from the 50's - 80's only had orders saved to microfilm and no other docket entries.

7. On or about August 28, 1978, Anderson T. Williams married Carol J. Cones (n/k/a Carol J. Hervey).

8. On December 14, 1988, Anderson T. Williams died testate leaving his entire estate in equal shares to his surviving spouse, Carol J. Williams (f/k/a Carol J. Cones, n/k/a Carol J. Hervey), and his two children: Anderson T. Williams II and Janette Williams (n/k/a Janette Adamson).[14]

9. The Inventory Appraisement and List of Claims filed in the Estate of Anderson T. Williams makes no mention of 4-T Ranches, Ltd. and does not reference the Subject Property[15]; corroborating Janette Adamson's statement that Jan Turner Williams remained the sole general partner of 4-T Ranches, Ltd. after the Williams' divorce, excluding Anderson T. Williams from any interest in partnership assets after 1978.[16]

---

[13] *Id.* at p. 2, ¶ 2.
[14] Ex. 4 at pp. 1-3, 22, 25, Probate No. 20,119-B the Estate of Anderson Townley Williams (a/k/a Anderson T. Williams).
[15] *Id.* at pp. 4-10.
[16] While none of the parties believe Anderson T. Williams remained a partner of 4-T Ranches, Ltd. after his divorce in 1978, if he had maintained his status as a partner then upon his death the partnership assets would have vested in the remaining partners of 4-T Ranches, Ltd. 18 Tex. Prac., Prob. & Decedents' Estates §§ 797, 819. The partnership would have then owed the Estate of Anderson T. Williams an accounting of his share of all partnership assets. *Id.* The absence of this accounting further corroborates that Anderson T. Williams was no longer a partner of 4-T Ranches, Ltd. at the time of his death.

10. On or about November 17, 2020, Carol J. Hervey (f/k/a Carol J. Cones, Carol J. Williams) spoke to undersigned counsel confirming she never acquired any interest in 4-T Ranches, Ltd. from Anderson T. Williams at the time of his death. Carol J. Hervey does not claim any interest in the Subject Property.[17]

11. Additionally, Defendant Janette Adamson provided undersigned counsel with 2001 tax documents showing the distribution of partnership income from 4-T Ranches Ltd.[18] These tax documents identify Jan Turner Williams as the only general partner of 4-T Ranches, Ltd.[19], and identify Anderson T. Williams II and Janette Turner Williams Davis (f/k/a Janette Williams, n/k/a Janette Adamson) as limited partners[20].

12. On January 8, 2006, Jan Turner Williams died intestate leaving her two children as her sole heirs: Anderson T. Williams II and Janette Williams (n/k/a Janette Adamson).[21]

13. On February 11, 2016, the Texas Secretary of State identified 4-T Ranches, Ltd. as "involuntarily terminated."[22]

14. The United States did not locate any liens on the Subject Property or creditors of 4-T Ranches, Ltd. during its title review.

---

[17] Ex. 5, Declaration of No Ownership.
[18] Ex. 6, 2001 Tax Documents for 4-T Ranches, Ltd.
[19] *Id.* at p. 6.
[20] *Id.* at pp. 9, 13-15. The United States notes the first page of Anderson T. Williams II Partner's Share of Income, Credits, Deductions, etc. is missing which specifically identifies Anderson T. Williams II as a limited partner; however, he originated as a limited partner (Ex. 1) and his percentage of profit sharing matches the only other limited partner, Janette Adamson. *Id.* at 8-10.
[21] Tex. Est. Code § 201.001(b); Ex. 7, Declaration Concerning the Identity of Heirs for Janette Turner Lynn (aka Jan Turner Williams).
[22] Ex. 8, TEXAS SECRETARY OF STATE, https://direct.sos.state.tx.us/acct/acct-login.asp?spage=login1 (subscription required because each search requires a fee, entity name search, then search "4-T Ranches, Ltd.", then click filing history for document number 656209480001); *see also* Ex. 1 at ¶ 5c (which calls for the partnership's termination upon "the death…of the sole surviving general partner.").

15. Defendants Anderson T. Williams II and Janette Adamson were added as interested parties to this case as they are the only former limited partners from 4-T Ranches, Ltd. and the sole heirs of the partnership's last and only general partner, Jan Turner Williams, deceased.

16. Thus, Defendants Anderson T. Williams II and Janette Adamson are the only parties entitled to just compensation for the United States' taking of Tracts RGV-MER-4018 and RGV-MER-4018-1.

Respectfully submitted,

**JENNIFER B. LOWERY**
Acting United States Attorney
Southern District of Texas

United States Attorney

By: *s/ Megan Eyes*
**MEGAN EYES**
Assistant United States Attorney
Southern District of Texas No. 3135118
Florida Bar No. 0105888
1701 W. Bus. Highway 83, Suite 600
McAllen, TX 78501
Telephone: (956) 618-8010
Facsimile: (956) 618-8016
E-mail: Megan.Eyes@usdoj.gov
Attorney in Charge for Plaintiff

## CERTIFICATE OF SERVICE

I, Megan Eyes, Assistant United States Attorney for the Southern District of Texas, hereby certify that on this June 28, 2021, a copy of the foregoing was served on all parties in accordance with the Federal Rules of Civil Procedure.

*s/ Megan Eyes*
MEGAN EYES
Assistant United States Attorney